In the Matter of the Estate of ANNA M. KANE, Deceased. LLOYD F. KANE, Appellant; WILLIAM M. O'NEILL, SR., as Ancillary Executor of ANNA M. KANE, Deceased, Respondent.

Third Department, March 21, 1957.

*Frederick F. Grotz* for appellant.

*George A. O'Hanlon* for respondent.

HALPERN, J. Anna M. Kane died on March 27, 1955, in Bristol, Connecticut, where she had been living at the home of her daughter, Leah Kane O'Neill who survived her. She was also survived by her son Lloyd F. Kane, who is the appellant here.

The decedent had been a resident of the town of Horseheads near Elmira in Chemung County, New York, all her life, prior to her going to Bristol, Connecticut, to live with her daughter. Her homestead in Horseheads was the principal asset of her estate. The decedent left a will dated August 27, 1953, which was executed in Bristol, Connecticut, but which recited that her place of residence was in the town of Horseheads, Chemung County, New York. The will provided a legacy of $2,500 to the decedent's daughter and divided the residue equally between her son and daughter. The will named the respondent, the decedent's son-in-law William M. O'Neill, Sr., as the executor of the will.

Shortly after the decedent's death, a firm of attorneys in Bristol, Connecticut, who had been retained by the executor, wrote to the appellant who resided near Buffalo, New York, that "At the date of your mother's death, she was residing in Bristol, Connecticut and, therefore, it is necessary at this time that this will be admitted to the Probate Court in Bristol". The letter continued: "if you have no objection to the enclosed will as to its validity and desire that it be admitted without a hearing, would you please sign the enclosed waiver and return the same to me". The appellant signed and returned the waiver which read as follows: "The undersigned being heirs at law and next of kin of said decedent hereby appear in good faith and unite in the foregoing application and waive any and all notice of a hearing thereon".

The will was accordingly probated in Connecticut. Shortly thereafter, the appellant's sister, for the first time to the appellant's knowledge, asserted that she had a personal claim against the estate in an amount sufficient to wipe out most of its assets. The appellant was served with notice of a hearing to be held upon the claim in Connecticut. The appellant was apparently unwilling to have the validity of the claim passed upon in Connecticut and he therefore decided not to appear upon the hearing

but to attack the whole probate proceeding in Connecticut as being without jurisdiction.

The appellant accordingly applied to the Surrogate's Court of Chemung County for letters of administration with the will annexed, upon the estate of the decedent, asserting that the decedent had been domiciled in New York State at the time of her death. This petition was dismissed upon the ground that the Connecticut adjudication was entitled to full faith and credit in this State. The appellant also applied by order to show cause for the removal of O'Neill as ancillary executor and the revocation of ancillary letters alleged to have been granted to him but it appeared that no ancillary letters had ever been issued and that application was accordingly dismissed.

We may assume for the purpose of the present appeal that the allegations of the appellant's petition were true and that the decedent had actually been domiciled in Horseheads, New York, and not in Bristol, Connecticut, at the time of her death. If that was the fact, and if the appellant was not barred by his prior conduct from asserting it, the appellant had the right to challenge the Connecticut probate decree as void for want of jurisdiction. " Domicil is the foundation of probate jurisdiction " (*Williams* v. *North Carolina,* 325 U. S. 226, 231). " The full faith and credit due to the proceedings of the * * * [Connecticut] court do not require that the courts of New York shall be bound by its adjudication on the question of domicil. On the contrary, it is open to the courts of any State * * * to determine upon the evidence produced the true domicil of the deceased " (*Tilt* v. *Kelsey,* 207 U. S. 43, 53). See discussion in *Edwards* v. *Sullivan* (200 Misc. 488).

But the question of domicile, upon which probate jurisdiction depends, may be made the subject of a binding adjudication in a proceeding in which the court has acquired personal jurisdiction of the contestant. Here, the appellant had submitted to the personal jurisdiction of the Connecticut court by executing the waiver agreement. He is now bound by the adjudication by that court that the decedent had died a domiciliary of Connecticut and that it therefore had probate jurisdiction. The Connecticut decree is *res judicata* and bars the parties who appeared in the proceeding from relitigating the issue elsewhere (*Sherrer* v. *Sherrer,* 334 U. S. 343; *Lynn* v. *Lynn,* 302 N. Y. 193; *Johnson* v. *Muelberger,* 340 U. S. 581; cf. Restatement, Judgments, § 10; Restatement, Conflict of Laws, § 451).

Of course, if the appellant had been induced to submit to the jurisdiction of the Connecticut court by fraud, he had the right to annul his consent. But we do not find in the appellant's affi-

davits a showing of facts sufficient to constitute fraud. The only fraud claimed by the appellant is that the Connecticut attorneys had represented that his mother was a resident of Bristol, Connecticut, at the time of her death but this representation, even if false, could not have misled the appellant. He knew all the facts as to his mother's domicile and if, as he now asserts, she was, in fact, domiciled in Horseheads, New York, he knew that fact at the time he executed the waiver agreement. Whatever reasons may have motivated him to execute the waiver agreement, he did so with full knowledge of the facts; apparently, at that time he desired to acquiesce in the probating of the will in Connecticut. It was only after he learned of his sister's claim against the estate that he changed his mind and decided to challenge the validity of the probate of the will in Connecticut. He then sought to retract his waiver and to have his mother's estate administered in New York State. That was too late. The appellant's submission to the jurisdiction of the Connecticut court was irrevocable (Restatement, Judgments, § 18, comment f).

The appellant also refers to the fact that the executor of the estate, subsequent to the probate of the will in Connecticut, filed a transfer tax return in New York State in the form appropriate for residents of this State and expressly recited in the return that the decedent had died a resident of this State. It appears, however, that the amount of the tax would have been the same if a nonresident's return had been filed. In any event, the error or inconsistency in this respect has no bearing upon the jurisdiction of the Connecticut court. It could not have affected the appellant's voluntary submission to the jurisdiction of the court since the transfer tax return was filed long after the appellant had signed the waiver agreement and had consented to the probate of the will in Connecticut.

The orders appealed from should be affirmed with costs.

Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

Orders affirmed, with $10 costs.